Dear Mr. Holley:
On behalf of the Washington County Board of County Commissioners, you ask substantially the following question:
May a county expend public funds to clean up private rural cemeteries?
According to your letter, some rural counties in Northwest Florida have in the past assisted in cleaning up rural church cemeteries or other rural family cemeteries. Since the cemeteries are not county-owned property, you ask whether the county may expend funds to clean up such cemeteries.
Article VII, section 10, Florida Constitution, prohibits the state and its subdivisions from using their taxing power or pledging public credit to aid any private person or entity. The purpose of this constitutional provision is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited."[1]
Thus, in order to satisfy Article VII, section 10, Florida Constitution, the expenditure of county funds must be for a public purpose. The determination as to whether an expenditure of public funds serves a public purpose is one that the legislative body must make. This office, in determining whether public funds may be expended for improvements to private property, has generally considered whether the governmental entity has a property right or interest in such property or whether the public has an easement or right to use the property.[2]
For example, in Attorney General Opinion 79-14 this office concluded that the expenditure of public funds by a municipality to repair or maintain private streets in which the municipality has no property rights or interest, and over which the public has no easement or right of use, would appear to contravene the public purpose requirements of Article VII, section 10, Florida Constitution. Similarly, this office in Attorney General Opinion 85-101 concluded that public funds could not be used to maintain a private bridge that was not open to or set apart for the public and upon which the public had no right to travel.
This office has recognized that the determination of whether the expenditure of county funds serves a county purpose is one that the board of county commissioners, as the legislative body for the county, must make. However, this office has noted that granting a temporary easement of thirty days to the county does not appear to satisfy the public purpose requirement for the expenditure of public funds if the expenditure of such funds is not otherwise permissible.[3]
The provisions of the Funeral and Cemetery Services Act, and all rules adopted pursuant to it, apply to all cemeteries in this state with certain exceptions, such as, among others, religious institution cemeteries of less than five acres that provide only single-level ground burial, those owned and operated or dedicated by a religious institution prior to June 23, 1976, and family cemeteries of less than two acres that do not sell burial space or burial merchandise.[4] Even though exempt cemetery facilities are not regulated by the Act, all cemeteries are subject to certain statutory provisions, including the maintenance of abandoned cemeteries by a county or municipality.[5] Section 497.284(1), Florida Statutes, provides:
"Notwithstanding any provision of law to the contrary, a county or municipality which has within its jurisdiction an abandoned cemetery or a cemetery that has not been reasonably maintained for a period in excess of 6 months may, upon notice to the department, take such action as is necessary and appropriate to provide for maintenance and security of the cemetery. The solicitation of private funds and the expenditure of public funds for the purposes enumerated in this subsection are hereby authorized, provided that no action taken by a county or municipality under this subsection shall establish an ongoing obligation or duty to provide continuous security or maintenance for any cemetery."
Section 497.284, Florida Statutes, further provides that a county or municipality that has maintained or secured a cemetery pursuant to the provisions of subsection (1) may maintain an action at law against the owner of the cemetery to recover an amount equal to the value of such maintenance or security.[6]
Prior to 1988, the statute (then section 497.071, Florida Statutes [1987]), allowed a county or municipality to maintain an abandoned cemetery within its jurisdiction after conducting a search for the owner and, in the event the owner was located, seeking reimbursement from the owner for its services. Concern was raised that in some counties cemeteries had been neglected or abandoned to the point that they had become health hazards or targets for vandals or trespassers and that the county had to wait until the cemetery was abandoned.[7] The Legislature amended the statute to allow a county or municipality to provide maintenance or security for any cemetery that had not been reasonably maintained for over six months, provided the county or municipality notified the Department of Banking and Finance (now the Department of Financial Services).
Accordingly, in light of the provisions of section 497.284, Florida Statutes, I am of the opinion that a county may expend public funds to clean up a private cemetery that has not been reasonably maintained for a period in excess of six months, provided the county provides notice to the Department of Financial Services.
Sincerely,
Charlie Crist Attorney General
CC/jw
[1] Bannon v. Port of Palm Beach District, 246 So. 2d 737,741 (Fla. 1971).
[2] See, e.g., Ops. Att'y Gen. Fla. 79-14 (1979) (expenditure of public funds by municipality to repair or maintain private streets in which the municipality has no property rights or interest, and over which the public has no easement or right of use, would appear to contravene the public purpose requirements of Art. VII, s. 10, Fla. Const); 85-101 (1985).
[3] And see Op. Att'y Gen. Fla. 02-48 (2002) (county funds may not be used to maintain or repair privately-owned roads and related infrastructure or privately-owned water and sewer systems in private communities; however, county may furnish such services if provision is made for payment of all actual costs by the owner or owners of the private road or water or sewer system to the county and it is determined that such a program serves a county purpose). And see Op. Att'y Gen. Fla. 98-22 (1998) (county may use county funds to keep private roads passable during a declared state of emergency under section 252.38, Florida Statutes, if the county commission determines that such an expenditure satisfies a county purpose).
[4] Section 497.260(1), Fla. Stat.
[5] See s. 297.260(2), Fla. Stat., providing that "[s]ection497.276(1) as to burial records, and ss. 497.152(1)(d), 497.164,497.2765, 497.280, and 497.284 apply to all cemeteries in this state." (e.s.)
[6] Section 497.284(3), Fla. Stat. And see s. 497.284(2), Fla. Stat., providing that "[n]o county or municipality nor any person under the supervision or direction of the county or municipality, providing good faith assistance in securing or maintaining a cemetery under subsection (1), may be subject to civil liabilities or penalties of any type for damages to property at the cemetery."
[7] See Senate Staff Analysis and Economic Impact Statement on SB 687 (enacted as Ch. 88-300, Laws of Fla.), dated May 3, 1988; and House of Representatives, House Commerce Committee, Final Staff Analysis Economic Impact Statement on SB 687, dated June 2, 1988, stating:
 "A problem exists when a cemetery has been neglected or abandoned to the point that it becomes a health hazard or, due to a lack of security, a congregation point for trespassers. . . . The county is also concerned that under the current statute, a cemetery must be considered abandoned before they may step in to correct a potentially dangerous situation."